# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NovaStar Mortgage, Inc. | : | Case No. 1:06-cv-00318 |
| Plaintiff | : | District Judge Honorable Christopher A. Boyko |
| vs. | : | |
| Christine Andrews, et al. | : | |
| Defendants. | : | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |

UNITED STATES DISTRICT JUDGE HONORABLE CHRISTOPHER A. BOYKO

This matter is before the Court on the motion of Plaintiff NovaStar Mortgage, Inc.'s Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Christine Andrews as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Christine Andrews and
    b. Unknown Spouse, if any, of Christine Andrews;
    c. Charter One Bank, National Association, successor in interest to Charter One Bank, F.S.B.;

2. The Clerk's Entry of Default was filed herein on April 20, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including

that there is due and owing to the plaintiff from the defendant, Christine Andrews, upon the subject Note, the principal balance of $121,110.70, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 9.2 percent per annum from September 1, 2005.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Euclid, County of Cuyahoga and State of Ohio and known as being Sublot No. 94 in The Homeside Company's Eastlawn Subdivision of part of Original Euclid Township Lot No. 21, Tract No. 17, as shown by the recorded plat in Volume 71 of Maps, page 2 of Cuyahoga County Records, as appears by said plat.
>
> Parcel Number: 641-07-063
>
> Commonly known as: 19374 South Lake Shore Boulevard, Euclid, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on March 2, 2005, and recorded as Instrument Number 200503020139 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on February 27, 2006 as Instrument Number 200602270133 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff NovaStar Mortgage, Inc., and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the

property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER**, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To the plaintiff NovaStar Mortgage, Inc., the sum of $121,110.70, with interest at the rate of 9.2 percent per annum from September 1, 2005.

3. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

4. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Master Commissioner's costs

due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** 11/20/06

                                              s/Christopher A. Boyko
                                              JUDGE HONORABLE CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **NovaStar Mortgage, Inc.** | Case No. 1:06-cv-00318 |
| **Plaintiff** | District Judge Honorable Christopher A. Boyko |
| vs. | |
| **Christine Andrews, et al.** | |
| Defendants. | **JUDGMENT** |

UNITED STATES DISTRICT JUDGE HONORABLE CHRISTOPHER A. BOYKO

The Court having contemporaneously entered its Default Judgment and Decree of Foreclosure, this action is accordingly terminated pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

DATE: _____

_____
JUDGE HONORABLE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE